

*Court Of Appeals*

*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★     ★ ★ ★

# MEMORANDUM OPINION

No. 04-10-00594-CV

**IN RE** Andrew W. **CAMERON,** Sylvia Maria **CAMERON,**
and Vanessa C. **CAMERON**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:       Karen Angelini, Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed: August 31, 2010

PETITION FOR WRIT OF MANDAMUS DENIED

On August 17, 2010, relators Andrew W. Cameron, Sylvia Maria Cameron, and Vanessa C.

Cameron  filed a petition for writ of mandamus, seeking to compel the trial court to vacate its April

1, 2010 order granting a new trial.  However, for the following reasons we deny without prejudice

the petition for writ of mandamus.

First, relators' petition fails to satisfy numerous requirements of the Texas Rules of Appellate

Procedure.  *See* TEX. R. APP. P. 52.3 (providing the petition must, under appropriate headings and

---

[1] This proceeding arises out of Cause No. 2010-CI-01356, *In the Interest of S.A.J., III, A Child*, in the 224th Judicial District Court, Bexar County, Texas, the Honorable Gloria Saldaña presiding.  However, the order complained of was signed by the Honorable Renée F. McElhaney , presiding judge of the 73rd Judicial District Court, Bexar County, Texas.

in the order indicated, contain the items listed in subsections (a)-(k)); TEX. R. APP. P. 52.3(a) (the petition must give a complete list of all parties, and the names and addresses of all counsel); TEX. R. APP. P. 52.3(d) (the petition must contain a statement of the case that should seldom exceed one page, should not discuss the facts, and should comply with (1)-(5)); TEX. R. APP. P. 52.3(g) (the petition must include a heading entitled "statement of facts," and must state concisely and without argument the facts pertinent to the issues or points presented); TEX. R. APP. P. 52.3(j) (the person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record).

Additionally, relators' petition must state, without argument, the basis for the court's jurisdiction. TEX. R. APP. P. 52.3(e). Relators rely on Texas Government Code section 22.002(a) as the basis of this court's jurisdiction to consider the petition for writ of mandamus. *See* TEX. GOV. CODE § 22.002(a). However, section 22.002(a) relates only to the Texas Supreme Court's jurisdiction. *Id.*

Finally, there are numerous deficiencies in relators' record. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Specifically, relators contend the respondent abused her discretion in signing an order that granted a motion for new trial on April 1, 2010 because a final judgment had been entered by the trial court on March 1, 2010. However, relators failed to provide this court with the March 1, 2010 judgment that forms the basis of relators' complaint. Furthermore, relators failed to provide this court with the transcript from the March 17, 2010 hearing held in Cause Numbers 2010-CI-01356 and/or 2010-CI-03011,

which relators refer to on page three of the petition. Additionally, relator fails to provide this court with the motion for new trial filed in Cause Number 2010-CI-01356 that is referred to on page four of the reporter's record from the April 29, 2010 hearing before the Honorable Fred Shannon.

Therefore, based on the deficient petition for writ of mandamus and record filed in this proceeding, this court cannot conclude the trial court abused its discretion. Accordingly, the petition for writ of mandamus is DENIED WITHOUT PREJUDICE. TEX. R. APP. P. 52.8(a).

PER CURIAM